[Civ. No. 11118. Second Appellate District, Division One.—February 17, 1937.]

REVA RABEN, Appellant, v. HAMILTON DIAMOND COMPANY, INC. (a Corporation), Respondent.

Ben Rosenthal and Charles Murstein for Appellant.

Pacht, Pelton, Warne & Black and Lazare F. Bernhard for Respondent.

BISHOP, J., *pro tem.*—Following the filing of findings of fact in which it was recited that the defendant Cliff and the defendant corporation, by and through Cliff as its servant, had assaulted plaintiff, the trial court entered judgment for the

plaintiff against each defendant. Thereupon the defendant corporation moved successfully for a new trial, the order granting it specifying that it was made on the ground that the evidence was insufficient. We find that the action of the trial court was warranted.

■ The evidence is in substantial conflict as to the making of an assault by the defendant Cliff, which of itself supports the order granting a new trial. (2 Cal. Jur. 909.) ■ If, moreover, we make two concessions to the appealing plaintiff, the first an assumption that the defendant Cliff regularly made a motion for a new trial on the ground that the evidence was insufficient, and the second an admission that the trial court's denial of that motion establishes for the purposes of this appeal that there was an assault, even so we find no abuse of discretion in the making of the order. In the background of the assault, the plaintiff appears as a purchaser of a ring from the defendant corporation. After her car had been attached because she was in default in payments on the ring, the defendant Cliff went with her to a finance company to obtain a loan on her car sufficient to satisfy the corporation's demand. The record does not satisfactorily reveal whether or not the loan had been made and the mission of the defendant Cliff on behalf of the defendant corporation completed, before the assault took place. There was only one witness who testified that the check, for which the defendant Cliff had come, had not been delivered to him before the plaintiff and he parted company, and that witness would appear discredited by his insistence that there was no assault. A necessary element of the plaintiff's case against the defendant corporation, that is that the assault was committed "in and as a part of the transaction of" the business of the corporation, as those words are used in section 2338 of the Civil Code, might well have appeared lacking to the trial judge, as he viewed the evidence from the vantage point of the motion for a new trial. The order appealed from, therefore, does not appear to have been made without warrant. It is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1937.